NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| LAWRENCE V. WILDER, SR., | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | **OPINION** |
| v. | Civil Action No. 99-CV-5667 (DMC) |
| AT&T, FUJITSU CONSULTING AND DMR CONSULTING GROUP, | |
| Defendants. | |

<u>DENNIS M. CAVANAUGH, U.S.D.J.</u>:

  This matter comes before the Court upon application to reopen the case by Plaintiff Lawrence V. Wilder, Sr. ("Plaintiff"). Pursuant to FED. R. CIV. P. 78, no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Plaintiff's application to reopen this case is **denied**.

**I. BACKGROUND**

  Plaintiff was previously employed as a non-payroll contract worker for Defendant AT&T ("AT&T"). Plaintiff filed a lawsuit alleging various forms of employment discrimination, while assigned to work at AT&T, against AT&T and Defendant Fujitsu Consulting Inc., the successor company to Defendant DMR Consulting Group ("Fujitsu," and collectively, "Defendants"). In 2002, Plaintiff failed to respond to Defendants' discovery requests and failed to appear on two scheduled court hearings. In the Order advising Plaintiff that his attendance at the second hearing was required, Plaintiff was notified that his failure to appear could result in dismissal of

his case. On May 15, 2002, the Court received a letter from Plaintiff, dated May 10, 2002, stating that his letter "is for the purpose of requesting a dismissal of [his] complaint . . . because of the dismissal of a related complaint by the [Third Circuit]." (Report and Recommendation prepared by the Honorable Mark Falk, U.S.M.J., p. 3). On June 11, 2002, Plaintiff's case was dismissed with prejudice.

On October 11, 2007, Plaintiff filed a letter requesting that his prior case against Defendants be resumed or reopened. On January 25, 2008, AT&T filed opposition to Plaintiff's request, in which Fujitsu joins per its letter dated January 31, 2008.

## II.  DISCUSSION

A motion to reinstate a complaint is governed by FED. R. CIV. P. 60(b), which allows relief from a final judgment or order. In the current case, however, Plaintiff brought a motion for reconsideration, which is governed by L. CIV. R. 7.1. L. CIV. R. 7.1(i) requires a motion for reconsideration to be filed within ten (10) days after entry of an order or judgment. A court will grant a motion for reconsideration only if the movant establishes one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not previously available; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). As such, relief under 7.1(i) will be granted sparingly. See Maldonado v. Lucca, 636 F. Supp. 621, 630 (D.N.J. 1986).

In the current case, Plaintiff's case was dismissed with prejudice on June 11, 2002. Plaintiff had also requested a dismissal of this case in May 2002. On October 11, 2007, more

than five years after the entry of the dismissal Order, Plaintiff sent a letter to the Court seeking to reopen this case. Plaintiff's motion for reconsideration is clearly untimely. In T.H. & K.H. v. Clinton Twp. Bd. of Educ., the Court stated that untimeliness "alone is sufficient grounds to deny the Plaintiffs' motion [for reconsideration]." 2006 U.S. Dist. LEXIS 40358 at *5 (D.N.J. June 16, 2006); see also Johnson v. Orr, 739 F. Supp. 949, 950 (D.N.J. 1989) (denying motion for reconsideration filed eight months late as untimely). Therefore, Plaintiff's request to reopen this case is denied.

**IV.   CONCLUSION**

For the reasons stated, it is the finding of this Court that the Plaintiff's application to reopen this case is **denied**. An appropriate Order accompanies this Opinion.

S/ DennisM.CAvanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:      March 31, 2008
Orig.:     Clerk
cc:        All Counsel of Record
           Hon. Mark Falk, U.S.M.J.
           File